## BLANCHARD vs. CHAPMAN.

An offer to purchase of the true owner, made by the tenant in possession of land not his own, does not prejudice his right to the benefit of the act for the settlement of certain equitable claims arising in real actions; if such offer has not ripened into a contract between them.

It belongs to the court, and not to the jury, to decide whether, upon any given state of facts, the tenant in a real action has a right to the appraised value of his improvements.

IN this case, which was a writ of entry upon the demandant's own seisin and a disseisin by the tenant, the latter claimed to have the increased value of the premises by reason of his buildings and improvements assessed by the jury, pursuant to the statute. This was resisted by the demandant, on the ground that the tenant held the land under a contract with him, and in submission to his title. To prove this the demandant adduced two letters from the tenant to him; from which it appeared that a negotiation had been going on between them for the purchase of the land, which the tenant had proposed, and appeared desirous to accomplish; that the principal point unsettled was the time of payment, which was postponed till a personal interview which the tenant intended to have with the demandant in the following winter; expressing his intention to take the money with him at that time and pay for the land at once. The replies to these letters, and all other letters which had passed between the parties, were called for by notices served on each side; but none were produced by either. There was also parol evidence of the tenant's expressed determination to purchase the land; and of his disappointment when one of his neighbors was supposed to have supplanted him in the purchase. It was also proved that the tenant had been in possession of the land more than six years, and before any intercourse had commenced between him and the demandant.

Upon this evidence the demandant contended that the tenant had no legal right to an appraisement of his improvements; and that the determination of this question belonged exclusively to the court, as a question of law. This point *Parris J.* who sat in the trial, reser-

ved for the consideration of the court ; instructing the jury to appraise the value only, as prayed by the tenant ; which they did.

*Allen* and *Starrett*, for the demandant, insisted that the statute did not extend to cases of entry under contract. *Knox v. Hook*, 12 *Mass.* 329 ; nor to cases of compromise ; *Shaw v. Bradstreet*, 13 *Mass.* 241 ; and that the possession of the tenant must have continued six years, without any intermission of his intent to appropriate the land to himself, or any submission to the title of the owner. 6 *Pick.* 172.

*Sprague* and *Williamson*, for the tenant, cited *Newhall v. Saddler*, 17 *Mass.* 350 ; *Bacon v. Callender*, 6 *Mass.* 303 ; *Baylies v. Bussey*, 5 *Greenl.* 153 ; *Heath v. Wells*, 5 *Pick.* 140.

WESTON J. delivered the opinion of the Court.

The report states the tenant to have been in actual possession of the demanded premises, for more than six years prior to the commencement of the action. How much longer does not appear. It does not appear that he entered under any contract with the demandant ; or with his knowledge, consent or privity. The tenant was therefore entitled to the benefit of the act for the settlement of certain equitable claims, arising in real actions, unless he has precluded himself therefrom by the negotiations, proved to have taken place between him and the demandant. The mere attempt to make his tortious possession a rightful one, ought not to prejudice him. The act is made for cases, where the title is in one, and the possession in another. If the tenant concedes that he has no valid title, either to the proprietor or to others, we do not perceive how it can have the effect to change his relations or his rights. If he surrenders up his possession, and becomes the tenant of the owner of the fee, then indeed he assumes the duties which belong to that relation, and can set up no other interest, than what he derives from his lease. So if he enters into any new contract in respect to the land binding upon him, which is inconsistent with his equitable claims, he may be held to have waived them. But we cannot regard his offer to perfect his defeasible title by purchasing that of the demand-

ant as of this character. It does not appear that the offers were accepted; or any further attempts to purchase made by the tenant; or that these propositions were at all relied on by the demandant.

In *Knox & al. v. Hook,* the grantor of *Hook* went on to the land originally under the ancestor of the demandants. And in *Shaw & al. v. Bradstreet,* the value of the land had been ascertained and fixed between the demandants and the tenant's grantor; and he had purchased with a full knowledge of this fact. It was there decided that this estimate should be conclusive as to the value of the land; but the increased value, by reason of the improvements, was also estimated for the benefit of the tenant. The contract in that case was not a mere offer on the part of the tenant or his grantor; but one binding upon both parties. The question reserved was, whether this evidence was of a conclusive character as to the value, as the judge had ruled on the trial, and the court held it to be so; and sustained the opinion of the judge. They further go on to state that the tenant was not entitled to the benefit of the statute. This was not the question presented to their consideration; and it has not therefore the authority, which an adjudication directly upon the point raised, carries with it. But that case is sufficiently distinguishable from this. There a contract was made; here it was only proposed.

It belongs to the court to decide, whether upon a given state of facts, an equitable interest of this kind has attached. In the present case, we are satisfied that it had, at the commencement of the action. The jury therefore were properly instructed by the judge to estimate the value, and the increased value, of the land under the statute. *Judgment on the verdict.*